1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   TIMOTHY C. GRIFFIN,                   No.  2:14-CV-00837 TLN AC P
11                  Petitioner,
12         v.                              FINDINGS AND RECOMMENDATIONS
13   F. FOULK,
14                  Respondent.
15

16         Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition was filed on

18   March 23, 2014 challenging petitioner's October 13, 2011 prison disciplinary violation for battery

19   on an inmate with serious bodily injury.[1]

20         On June 19, 2014 respondent filed a motion to dismiss the instant petition on the grounds

21   that it was filed after the statute of limitations had expired.  ECF No. 13.  Petitioner opposed the

22   motion on July 23, 2014, ECF No. 14, and respondent filed a reply on July 30, 2014, ECF No. 15.

23   For the reasons discussed below, the undersigned recommends denying the motion.

24   I.    Factual and Procedural Background

25         While at inmate at Deuel Vocational Institution, petitioner was issued a Rules Violation

26   _____

27   [1] As a pro se inmate, petitioner is entitled to the use of the prison mailbox rule in determining the
     constructive filing date of his state and federal habeas petitions.  Houston v. Lack, 487 U.S. 166,
     276 (1988).
28

                                      1

Report ("RVR") for battery on an inmate with serious bodily injury.  Following notice and a hearing, petitioner was found guilty and assessed a loss of 181 days of good-time credits. Petitioner challenges this finding on multiple grounds.  First, he alleges that the disciplinary hearing did not meet the Constitutional standards of due process because: 1) petitioner was not allowed to call a witness or to present documentary evidence; and, 2) the hearing was not recorded sufficiently to allow a thorough judicial review.  ECF No. 1 at 8, 27.  Next he alleges that the finding of guilt was improper because there was only some evidence to convict petitioner of fighting based on mutual combat rather than battery with serious bodily injury.  Id.  By way of relief, petitioner requests that the disciplinary finding be reversed, his good-time credits be restored, and that any reference to the violation be expunged from his Central File ("C-file") maintained by prison authorities.  ECF No. 1 at 8.

Before filing the instant federal habeas application, petitioner completed one full round of state habeas corpus review.  On May 10, 2013 petitioner filed a habeas corpus petition in the Lassen County Superior Court.  ECF No. 13-1 at 3-8.  This petition was transferred to the San Joaquin County Superior Court, where Deuel Vocational Institution is located, on July 15, 2013. ECF No. 13-2 at 3.  The petition was denied on August 16, 2013.  ECF No. 13-2 at 3-5.  Next, petitioner filed a state habeas petition in the California Court of Appeal on October 15, 2013. ECF No. 13-3 at 30.  The petition was denied in an unreasoned decision on November 1, 2013. ECF No. 13-4 at 2.  Petitioner's last state habeas corpus petition was filed on December 30, 2013 in the California Supreme Court and denied on March 19, 2014.  See ECF Nos. 13-5 at 30, 13-6 at 2.

II.     Motion to Dismiss

Based on respondent's calculations, the statute of limitations governing petitioner's 2011 prison disciplinary violation commenced on June 5, 2012, the day following the completion of the administrative appeal process.  ECF No. 13 at 3.  The chief argument presented in the motion to dismiss is that petitioner's first state habeas petition filed in the Lassen County Superior Court was not "properly filed" so as to statutorily toll the statute of limitations because it was transferred to the San Joaquin County Superior Court.  Id. at 2.  Respondent argues that the

1  petition was filed in the wrong court and not received by the San Joaquin County Superior Court

2  until after the statute of limitations had already expired.  Id. at 3-4.

3  III.    Opposition

4        In his opposition petitioner asserts that the Lassen County Superior Court never deemed

5  his state habeas petition improperly filed.  ECF No. 14 at 1.  The court simply transferred it to a

6  more appropriate jurisdiction "because the incidents giving rise to the petition occurred where the

7  petitioner used to be located rather than where he is currently located."  Id. at 2.  Petitioner cites

8  state law for the proposition that "there is now no territorial limitation on the power of a Superior

9  Court to entertain a petition for habeas corpus relief."  Id. (citing Griggs v. Superior Court, 16

10  Cal.3d 341, 346 (1976)).  Moreover, petitioner relies on Ninth Circuit precedent finding an

11  extraordinary writ before the Nevada Supreme Court properly filed because "it was before a court

12  and office where it could be lodged."  Id. at 3 (citing Blair v. Crawford, 275 F.3d 1156, 1159 (9th

13  Cir. 2002)).  As a result, petitioner concludes that his state habeas corpus petition was properly

14  filed on May 10, 2013 entitling him to statutory tolling and rendering his subsequent federal

15  petition timely filed.  Id. at 3-4.

16  IV.    Reply

17        In his reply the respondent contends that whether the Lassen County Superior Court's

18  transfer was consistent with state law is not an issue before this court.  ECF No. 15 at 1-3.

19  Respondent does not address the relevance nor the application of the Ninth Circuit cases cited in

20  petitioner's opposition.

21  V.    Statute of Limitations

22        Section 2244(d)(1) of Title 28 of the United States Code contains a one year statute of

23  limitations for filing a habeas petition in federal court.  The one year clock commences from one

24  of several alternative triggering dates.  See 28 U.S.C. § 2244(d)(1).  The parties agree that the

25  triggering mechanism for challenges to prison disciplinary proceedings is "the date on which the

26  factual predicate of the claim or claims presented could have been discovered through the

27  exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); see also Shelby v. Bartlett, 391 F.3d

28  1061, 1066 (9th Cir. 2004).  There is further agreement that in this case the statute of limitations

1    commenced on June 5, 2012 following the completion of the prison's administrative appeal

2    process.  The statute of limitations expired one year later on June 5, 2013, absent any statutory

3    tolling.

4         Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

5    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

6    § 2244(d)(2).  Resolution of respondent's motion to dismiss turns on whether petitioner's first

7    state habeas corpus petition was "properly filed" so as to statutorily toll the one year statute of

8    limitations governing federal habeas petitions.  28 U.S.C. § 2244(d)(2).  A properly filed

9    application is one that complies with the applicable laws and rules governing filings, including

10   the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  A

11   petition is considered "filed" "when it is delivered to, and accepted by, the appropriate court

12   officer for placement into the official record."  Id. at 363.

13        While lack of jurisdiction has been deemed a "condition to filing" which precludes the

14   application of statutory tolling, here respondent's argument fails to appreciate the distinction

15   between jurisdiction and venue.  See Pace v. DiGuglielmo, 544 U.S. 408, 414 n. 4 (2005)

16   (comparing the untimely filing of a state habeas corpus petition with the absence of jurisdiction

17   over a petition) (citing Artuz, 531 U.S. at 9).  Respondent is further incorrect when he asserts that

18   state law has no application in the present proceedings.  California state law governing the

19   procedures to be followed when filing a state habeas corpus petition must be used to inform this

20   court's understanding of what constitutes a "condition to filing."  See Pace, 544 U.S. at 415

21   (reviewing the Pennsylvania Rules of Criminal Procedure applicable to initiating a post-

22   conviction collateral proceeding).  Accordingly, this court will analyze state law governing both

23   jurisdiction and venue of state habeas corpus petitions.

24        As a jurisdictional matter, all superior courts in the state of California have original

25   jurisdiction to entertain habeas corpus petitions without territorial limitation.  See In re Roberts,

26   36 Cal.4th 575 (2005) (explaining how a 1966 revision to the California Constitution conferred

27   original jurisdiction over habeas corpus petitions in the superior courts).  While jurisdiction is not

28   an issue, the proper venue for filing a state habeas corpus petition has been the subject of much

1   debate within the state court system depending on the type of claim presented.  Id. (establishing

2   the proper venue for processing state habeas corpus petitions challenging parole denials); see also

3   Cal. Rules of Court, rule 4.552 (providing for the transfer of habeas corpus petitions to the proper

4   superior court to hear the petition).  "As a general rule the court wherein the petition is presented

5   must, if the petitioner has otherwise complied with pertinent rules, file the petition and determine

6   whether it states a prima facie case for relief."  Griggs v. Superior Court, 16 Cal.3d 341, 347

7   (1976).  Additionally, "[i]f the challenge is to conditions of the inmate's confinement, then the

8   petition should be transferred to the superior court of the county wherein the inmate is confined if

9   that court is a different court from the court wherein the petition was filed."  Id.

10       Applying these rules to the instant case, jurisdiction was proper in the Lassen County

11   Superior Court where petitioner filed his first state habeas petition.  However, the claims raised in

12   the state application challenged petitioner's disciplinary violation from Deuel Vocational

13   Institution which is located in San Joaquin County.  Therefore venue was more appropriate in San

14   Joaquin County, necessitating the petition's transfer to that locality under state law.  The habeas

15   petition was not rejected for lack of jurisdiction or any other "condition to filing" as that term has

16   been defined by the United States Supreme Court.  Accordingly, it was a "properly filed" state

17   habeas corpus petition that statutorily tolled the federal statute of limitations.

18       Other than state law itself, there are additional grounds upon which to reject respondent's

19   argument.  Respondent fails to cite to any federal case law supporting its interpretation of the

20   statutory tolling provision of the AEDPA.  This court's independent research has found no federal

21   case denying statutory tolling for a state habeas petition that was transferred from one state court

22   to another based on improper venue.  In the only remotely comparable case, the District Court of

23   Idaho assumed without deciding that a state habeas petition that was denied based on improper

24   venue was entitled to statutory tolling of the federal statute of limitations because "it could have

25   been transferred to a different county."  Emehiser v. Kempf, 2007 WL 793833 (D. Idaho 2007).

26       Moreover, even had petitioner filed his first state habeas corpus petition in the "wrong

27   court" as respondent suggests, it would not negate the application of statutory tolling.  In Cross v.

28   Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012), the Ninth Circuit Court of Appeals found statutory

1   tolling appropriate even though the California Court of Appeal denied the state habeas petition

2   because it should have been filed in the trial court.  Although the petition was filed in the wrong

3   court according to the state court decision, the Ninth Circuit held that the petition was still

4   properly filed so as to warrant statutory tolling.  Id.  This additional authority undermines

5   respondent's position.

6          Respondent's analysis also runs counter to the reasoning underlying the prison mailbox

7   rule which is used to determine the filing date of pro se state and federal habeas petitions.  See

8   Saffold v. Newland, 250 F.3d 1262, 1268–1269 (9th Cir.2000), amended May 23, 2001, vacated

9   and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226, (2002); Stillman v.

10  LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th

11  Cir. 2003).  In Houston v. Lack, the United States Supreme Court established that a pro se habeas

12  petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for

13  mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166,

14  276 (1988).  The rule is premised on the fact that a pro se prisoner can mail documents only

15  through the conduit of "prison authorities whom he cannot control and whose interests might be

16  adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at

17  271.  In this case, respondent's position would hold petitioner accountable for any delay in

18  transferring his state habeas petition to the proper venue.  Petitioner is no more able to control

19  state court employees and judges than he is able to control prison authorities.  Here, the Lassen

20  County Superior Court did not transfer petitioner's first state habeas corpus petition until almost

21  two months after it was filed, a circumstance which was beyond petitioner's control.  To allow

22  that action to doom his federal habeas petition without any consideration of the merits would be

23  contrary to the principles enshrined in the mailbox rule.  Accordingly, the undersigned rejects

24  respondent's argument and grants statutory tolling for petitioner's first state habeas corpus

25  petition from May 10, 2013, the date it was constructively filed in the Lassen County Superior

26  Court using the prison mailbox rule.

27          With the benefit of statutory tolling from May 10, 2013, the date petitioner filed his first

28  state habeas corpus petition in the Lassen County Superior Court, until March 19, 2014, the date

the California Supreme Court denied his last state habeas corpus petition, the instant § 2254

petition is timely filed.  Petitioner filed his § 2254 petition on March 23, 2014 with twenty-three

days remaining on the statute of limitations clock.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss be denied; and,

2.  Respondent be ordered to file an answer to the petition within 60 days of the adoption

of the instant Findings and Recommendation by the District Judge.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE