1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY C. GRIFFIN,                          No.  2:14-cv-0837 TLN AC P

12                  Petitioner,

13          v.                                     FINDINGS & RECOMMENDATIONS

14   F. FOULK,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  He seeks relief from a disciplinary action

19   which resulted in the loss of custody credits, thus affecting the duration of his incarceration.  Id.

20   Respondent filed an answer (ECF No. 22) and petitioner filed a traverse (ECF No. 25).

21                          FACUTAL AND PROCEDURAL BACKGROUND

22          Petitioner is serving a determinate, nineteen-year eight-month sentence in the custody of

23   the California Department of Corrections and Rehabilitation.  ECF No. 1 at 1.  On September 20,

24   2011, while petitioner was an inmate at the Deuel Vocational Institution, he and his cellmate, Nix,

25   got into a fight.  Id. at 9, ¶ 7.  According to petitioner, during the fight, Nix "accidentally hit his

26   own head on a cell fixture, which caused him to start bleeding."  Id., ¶ 8.  After Nix hit his head,

27   the fighting stopped, and when Nix's forehead would not stop bleeding, Nix and petitioner agreed

28   that the injuries should be reported.  Id., ¶¶ 8, 11.  To avoid getting in trouble for fighting,

                                                 1

petitioner and Nix agreed that they would say that Nix injured himself falling off the top bunk, but they eventually admitted that they had been engaged in mutual combat. Id. at 10-11, ¶¶ 12, 15-16.

Prison officials issued a Rules Violation Report ("RVR") charging petitioner with battery on an inmate with serious bodily injury, a violation of title 15, section 3005(d)(1) of the California Code of Regulations. Id. at 75. A prison disciplinary hearing was held, and the hearing officer found petitioner guilty of the charge and assessed a 181-day loss of custody credits. Id. at 18, 24, ¶¶ 37, 53. Petitioner filed an administrative appeal, which was denied at all levels of review. Id. at 84-90. He then filed a habeas corpus petition in the Lassen County Superior Court, which was transferred to the superior court in San Joaquin County, where Deuel Vocational Institution is located. Id. at 92. The petition was denied on August 16, 2013. Id. at 92-94. Next, petitioner filed a state habeas petition in the California Court of Appeal, Third Appellate District, and the petition was denied in an unreasoned decision on November 1, 2013. Id. at 97. Petitioner's last state habeas corpus petition was in the California Supreme Court and denied on March 19, 2014. ECF No. 22-7.

Petitioner filed the instant petition on December 30, 2013. ECF No. 1. Respondent then moved to dismiss the petition on the ground that it was untimely. ECF No. 13. The motion was denied, and respondent was directed to answer the petition. ECF No. 21. Respondent proceeded to file an answer arguing that petitioner was not entitled to habeas relief (ECF No. 22) and petitioner filed a traverse (ECF No. 25).

<u>JURISDICTION</u>

A writ of habeas corpus is the appropriate federal remedy "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If success on the merits of a petitioner's challenged disciplinary proceeding will not *necessarily* impact the fact or duration of his confinement, his claim does not fall within "the core of habeas corpus," and unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Nettles

v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). In this case, petitioner is serving a determinate sentence and the loss of good-time credits will therefore necessarily affect the duration of his confinement.

## STANDARDS GOVERNING HABEAS RELIEF

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 100 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent "any indication or state-law procedural principles to the contrary." Id. at 99 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citation omitted).

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "'the legal principles and standards flowing from precedent.'" Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law.

3

1  Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044,

2  1057 (9th Cir. 2004) (citations omitted).

3      A state court decision is "contrary to" clearly established federal law if the decision

4  "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529

5  U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state

6  court identifies the correct governing legal rule from [the Supreme Court's] cases but

7  unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not

8  enough that the state court was incorrect in the view of the federal habeas court; the state court

9  decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003)

10  (citations omitted).

11      "[R]eview under § 2254(d)(1) is limited to the record that was before the state court."

12  Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The question at this stage is whether the state

13  court reasonably applied clearly established federal law to the facts before it. Id. at 181-82. In

14  other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at

15  182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is

16  confined to "the state court's *actual* decisions and analysis." Frantz v. Hazey, 533 F.3d 724, 737

17  (9th Cir. 2008) (en banc) (emphasis in original). A different rule applies where the state court

18  rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held

19  that when a state court denies a claim on the merits but without a reasoned opinion, the federal

20  habeas court must determine what arguments or theories may have supported the state court's

21  decision and subject those arguments or theories to § 2254(d) scrutiny. Richter, 562 U.S. at 101-

22  02.

23      Relief is also available under the AEDPA where the state court predicated its adjudication

24  of a claim on an unreasonable factual determination. Miller-El v. Dretke, 545 U.S. 231, 240

25  (2005); DeWeaver v. Runnels, 556 F.3d 995, 997 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

26  The statute explicitly limits this inquiry to the evidence that was before the state court. 28 U.S.C.

27  § 2254(d)(2).

28  ////

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz, 533 F.3d at 735-37. There is no single prescribed order in which these two inquiries must be conducted. Id. at 736. The AEDPA does not require the federal habeas court to adopt any one methodology. Andrade, 538 U.S. at 71.

DISCUSSION

## I. Grounds for Relief

Petitioner challenges the guilty finding on multiple grounds. As a general matter, he alleges that the disciplinary hearing did not meet the Constitutional standards of due process. ECF No. 1 at 8, ¶ 2. More specifically, he alleges that the hearing was not recorded sufficiently to allow a thorough judicial review, the finding of guilt was improper because there was only some evidence to convict him of fighting based on mutual combat rather than battery with serious bodily injury, and he was denied the ability to call a witness and present documentary evidence. Id. at 8, 27. Though not specifically enumerated as grounds for relief, petitioner also asserts that he was denied the assistance of an investigative employee and that the hearing officer was biased. Id. at 17, 22-23, 31-32, ¶¶ 33-35, 48-50, 63-66. By way of relief, petitioner requests that the disciplinary finding be reversed, his good-time credits be restored, and that any reference to the violation be expunged from his Central File maintained by prison authorities. Id. at 8, ¶ 3.

## II. The Clearly Established Federal Law

Errors of state law do not support federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991). In the context of prison disciplinary proceedings, due process requires that an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974); (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a

5

1   sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by

2   some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  Accordingly,

3   the only cognizable issues are (1) substantively, whether the disciplinary finding was supported

4   by "some evidence" as required by Hill; and (2) procedurally, whether the disciplinary hearing

5   itself afforded petitioner the minimum procedural protections required by Wolff.

6       III.     Insufficient Record

7           A.  Petitioner's Allegations

8           Petitioner argues that he has been denied due process because "[t]he hearing was not

9   recorded sufficiently to allow a thorough Judicial Review."  ECF No. 1 at 8, ¶ 2; ECF No. 25 at

10  15-17, ¶¶ 31-40.  Specifically, he asserts that the hearing summary fails to document the hearing

11  officer's (1) refusal to postpone the hearing to ensure the preliminary investigation was complete,

12  (2) refusal to admit evidence that Nix had been found guilty of fighting, and (3) statement "that

13  he was automatically ruling against [petitioner] for the sole reason that Mr. Nix required stitches."

14  ECF No. 1 at 22-23, ¶¶ 48-50.

15          B.  The State Courts' Ruling

16          The California Supreme Court denied petitioner's claims without comment or citation,

17  and the reasoned superior court order did not mention petitioner's allegation that the record was

18  insufficient.

19          C.  Analysis

20          Where a state court has not explained its reasoning, the federal court applying the AEDPA

21  asks whether there is any reasonable basis for the state court's decision in light of clearly

22  established federal law.  Richter, 562 U.S. at 101-02.  The fact that the state court issued a

23  reasoned decision regarding other claims or issues, while failing to mention the federal claim,

24  does not rebut the presumption of merits adjudication.  Johnson v. Williams, 568 U.S. 289, 298-

25  301 (2013).  Where a state court has not adjudicated the federal question presented to it, de novo

26  review applies.  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002)

27          Even if there was no adjudication of petitioner's claim that the record of his hearing was

28  insufficient because the hearing was not recorded, and this court were to apply de novo review,

6

the claim would fail.  Due process requires only that petitioner be provided with "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action."  Wolff, 418 at 564-65 (internal quotation marks and citation omitted); see also Ponte v. Real, 471 U.S. 491, 496 (1985) (disciplinary board not required to provide written statement of reasons for denying witness).  There is no constitutional requirement that the hearing be audio or video recorded, and the summary of the hearing identifies the evidence the hearing officer relied on in finding petitioner guilty and addressed the reasons for the disciplinary action, as required.  ECF No. 1 at 79-82.  Petitioner therefore cannot demonstrate that the method of recording his hearing violated due process.

IV.     Insufficient Evidence

A.  Petitioner's Allegations

Petitioner asserts that it was improper for the hearing officer to find him guilty of battery with serious bodily injury because there was only enough evidence to find him guilty of fighting.  Specifically, he argues that because Nix never accused him of personally inflicting his injuries and petitioner and Nix both stated that it was mutual combat, any finding of battery is precluded.  ECF No. 1 at 11-13, ¶¶ 16-24.  Petitioner also claims that the guilty finding was based on false evidence in the form of the following statement in the incident report: "inmate Nix recieved (sic) SBI from their cell fight and inmate Griffin recieved (sic) minor injuries."  Id. at 15, 44-45, ¶¶ 29, 94-97.  He claims that the "language misleads the reader to infer that petitioner directly caused Nix's injuries, which is false."  Id. at 15, 45, ¶¶ 29, 95.

B.  The State Courts' Ruling

Because the California Supreme Court denied the petition without comment, this court "looks through" the silent denial to the last reasoned state court decision addressing the petition.  Ylst v. Nunnemaker, 501 U.S. 797, 804-06 (1991).  Because the superior court issued the only reasoned decision adjudicating the claims, that is the decisions reviewed for reasonableness under § 2254(d).  See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

In response to petitioner's claim that there was no evidence to find him guilty of battery on an inmate with serious bodily injury, the superior court ruled as follows:

This is a judicial review of a correctional administrative hearing and decision, so it is 'extremely deferential' to the hearing officer's determination. The only question that needs to be answered is: Is there any evidence in the record that could support the conclusion reached by the prison authorities? <u>In re Rothwell</u> (2008) 164 Cal.App.4th 160, 165-166. Because of the prison setting, the evidentiary standard is minimal, i.e., 'some evidence' is sufficient. <u>In re Dikes</u> (2004) 121 Cal.App.4th 825, 830-831.

With respect to the charge of battery rather than mutual combat, both Petitioner and his cellmate admitted to the investigating officer that they were fighting; Petitioner's cellmate also stated to other responding personnel that he did not want to comment and that he hurt his head when he fell off his bunk. In other words, the cellmate's story varied. The reason must be inferred. The evidence of injury shows that cellmate was more seriously injured than Petitioner, as he cut his head open, it bled, and he was taken to the general hospital for treatment. The bleeding head wound and the cellmate's more severe injuries are some evidence of, and thus sufficient to support the charge of, battery with serious bodily injury against Petitioner. Under the 'some evidence' standard, that this is not the only possible conclusion does not give Petitioner a basis for relief. <u>In re Zepeda</u> (2006) 141 Cal.App.4th 1493, 1499-1500.

This court can only decide whether the hearing officer's determination is based on some evidence or not. It cannot reweigh the evidence, which is what Petitioner would have the court do by giving more value to his assertion of corroborated testimony of mutual combat than the evidence of a fight plus one participant more injured than another. So long as the hearing officer's decision is supported by 'some evidence' the court cannot come to a different legal conclusion than the hearing officer did (which is what the court would have to do to decide Petitioner was guilty of 'mutual combat' rather than 'battery with serious bodily injury.') <u>Zepeda</u>, <u>id.</u>

ECF No. 22-3 at 3-4.

C. <u>Analysis</u>

The only question that is cognizable in this court is whether the credit forfeiture was supported by "some evidence" of a disciplinary violation, as <u>Hill</u> requires. Under 28 U.S.C. § 2254, the dispositive question is whether the state court's resolution of that issue was objectively unreasonable. It was not.

Although the superior court did not directly cite <u>Hill</u> in relation to the disciplinary violation, it cited California appellate court cases which explicitly applied the standard in <u>Hill</u>. "The <u>Hill</u> standard is minimally stringent," <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987), and was properly applied by the superior court. As the superior court held, the evidence that both

8

petitioner and Nix admitted to fighting and that Nix provided more than one version of events, had more serious injuries, and experienced a bleeding head wound for which he was sent to the general hospital constitutes "some evidence" that petitioner committed battery with serious bodily injury.  Contrary to petitioner's assertions, due process requires nothing more.

To the extent petitioner argues that "some evidence" did not exist because the hearing officer relied on false evidence, namely the statement in the incident report that "inmate Nix received SBI from their cell 'fight' and Griffin received minor injuries" (ECF No. 1 at 43-45), he fails to state a claim.  Though petitioner presents the claim as a claim of "false evidence," what he actually argues is that the statement is misleading and could be misconstrued, not that it is actually false.  Id.  Furthermore, even if the statement were in fact false, petitioner has not "shown that it is clearly established federal law that a prisoner has a right to be free from false accusations."[1]  Garrott v. Glebe, 600 F. App'x 540, 542 (9th Cir. 2015) (upholding denial of habeas relief based on petitioner's claim that he was denied due process due to reliance on false evidence) (citing Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1139-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided"); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims.")).

V.      Denial of Opportunity to Present Evidence

A.      Petitioner's Allegations

Petitioner alleges that he was denied the opportunity to call a witness and present documentary evidence.  He claims that he requested Nix appear as a witness, but that the hearing

---

[1] Petitioner relies solely on federal cases addressing false evidence in the context of criminal convictions, rather than prison disciplinary proceedings, and on state law.  ECF No. 1 at 43-45.

officer improperly denied the request because having Nix at the hearing would pose an undue safety risk due to Nix's disciplinary history and administrative segregation status. ECF No. 1 at 19-22, 32, ¶¶ 40-47, 66. He claims that neither of these reasons is an approved reason for denying a witness under CDCR policy. Id. at 20, ¶ 43. Petitioner further asserts that the hearing officer unreasonably denied his request to admit Nix's rules violation paperwork showing that Nix had been found guilty of fighting based on the same incident, also in violation of prison policy. Id. at 22-23, 33, ¶¶ 49, 67.

B. The State Courts' Ruling

With respect to petitioner's claim that he was denied the ability to call a witness, the superior court ruled as follows:

> Petitioner asserts that he was wrongly denied the testimony of his witness, the cellmate who suffered the head wound. The hearing officer denied the testimony because of the cellmate's disciplinary history and his status in administrative segregation. A hearing officer may deny the presence of a witness for reasons of witness safety, and institutional safety. 15 C.C.R. §3315(e)(1)(A); Wolff v. McDonnell (1974) 418 U.S. 539, 566, 94 S.Ct. 2963.

ECF No. 22-3 at 4.

The California Supreme Court denied petitioner's claims without comment or citation, and the reasoned superior court order did not mention petitioner's allegation that he was not permitted to submit documentary evidence.

C. Analysis

As an initial matter, to the extent petitioner claims that the denial of the ability to present a witness or submit documentary evidence violated state law, he fails to state a claim. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law").

An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as

to limit access to other inmates to collect statements or to compile other documentary evidence." Id.

"[S]o long as the reasons [given by the hearing officer for denying a witness] are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements as outlined in Wolff." Ponte v. Real, 471 U.S. 491, 497 (1985). The superior court correctly applied Wolff when it held that petitioner's due process rights were not violated when the hearing officer denied petitioner's request to call Nix as a witness. In this case, the superior court found that the denial was based on witness and institutional safety concerns after the hearing officer considered Nix's administrative segregation status and disciplinary history. Moreover, this conclusion was not based on an unreasonable determination of facts, as the record of the hearing reflects that the hearing officer "determined inmate Nix's presence at the hearing would pose an undue safety risk due to his Ad/Seg status and disciplinary history" (ECF No. 1 at 80), and both in the state and instant petition, petitioner admits that Nix had an extensive disciplinary history that included several prison fights (id. at 42-43, ¶¶ 89-90; ECF No. 22-1 at 37-38).

With respect to petitioner's claim that he was denied the ability to submit documentary evidence, even if the court were to review the claim *de novo*, petitioner has failed to show he is entitled to relief. Petitioner argues that because Nix was found guilty of fighting, petitioner could not have been guilty of battery because Nix voluntarily engaged in the fight. ECF No. 1 at 22-23, ¶ 49. However, "[v]oluntary mutual combat outside the rules of sport is a breach of the peace, mutual consent is no justification, and both participants are guilty of criminal assault." People v. Lucky, 45 Cal. 3d 259, 291 (1998) (citation omitted); People v. Moore, 51 Cal. 4th 1104, 1136 (2011) (applying Lucky to both assault and battery). Accordingly, contrary to petitioner's belief, he could be found guilty of battery regardless of whether Nix voluntarily engaged in fighting him. Furthermore, the record shows that the hearing officer was aware of Nix's disciplinary history, as he reviewed it in making the decision to deny petitioner's request to call Nix as a witness, and the report of the incident shows that Nix was charged with fighting. ECF No. 1 at 65, 80.

////

Accordingly, assuming that petitioner was in fact denied the ability to submit a copy of the RVR showing Nix was found guilty of fighting, he has failed to demonstrate that the denial resulted in prejudice and his claim fails. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) ("[H]abeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" (citation omitted)); see also White v. Adams, F. App'x 265, 265 (9th Cir. 2010) (applying Brecht standard to disciplinary proceedings); Graves v. Knowles, 231 F. App'x 670, 673 (9th Cir. 2007) (same).

VI.     Lack of Investigative Employee

A. Petitioner's Allegations

Petitioner alleges that his due process rights were violated because he was denied the assistance of an investigative employee when the investigative employee manipulated him into waiving assistance. ECF No. 1 at 16-17, 22, ¶¶ 32-35, 48. He claims that as a result, the investigative employee failed to obtain a witness statement from Nix or to collect documentation on Nix's RVR for fighting. Id.; ECF No. 25 at 10-11, ¶ 18.

B. The State Courts' Ruling

In response to petitioner's claim that he was denied the assistance of an investigative employee, the superior court held as follows:

> Lastly Petitioner asserts that he was denied the assistance of an investigating employee, but the documentation attached by Petitioner shows that he changed his mind, declined that assistance and signed a waiver. 15 CCR §3315(d)(1)(B). Given the waiver, if Petitioner had any administrative remedy, he failed to exhaust it. In re Muszalski (1975) 52 Cal.App.3d 500, 508.

ECF No. 22-3 at 5.

C. Analysis

Although the superior court found that petitioner had failed to exhaust his administrative remedies regarding his claim that he was denied assistance by an investigative employee, even if he had exhausted his administrative remedies, he still fails to state a claim upon which relief

////

12

1    could be granted.[2]

> Where an illiterate inmate is involved . . . or whether the
> complexity of the issue makes it unlikely that the inmate will be
> able to collect and present the evidence necessary for an adequate
> comprehension of the case, he should be free to seek the aid of a
> fellow inmate, or if that is forbidden, to have adequate substitute aid
> in the form of help from the staff or from a sufficiently competent
> inmate designated by the staff.

6    Wolff, 418 U.S. at 570.

7        Respondent argues that there is no clearly established Supreme Court authority requiring

8    the assignment of an investigative employee because the purpose of an investigative employee is

9    to assist the hearing officer, not the inmate. ECF No. 22 at 8. However, the regulations indicate

10   that in some circumstances an investigative employee may provide assistance to an inmate in

11   addition to their primary purpose of assisting the hearing officer. Cal. Code Regs. tit. 15,

12   §§ 3315(d), 3318(a)(3). Regardless, due process requires an inmate be provided assistance only

13   where the inmate is illiterate or the issues are complex, and the record indicates that neither

14   circumstance was present here. ECF No. 1 at 79.

15       Even if the court were to assume that petitioner was inappropriately denied the assistance

16   of an investigative employee, he has failed to demonstrate that the denial resulted in actual

17   prejudice. See Brecht, 507 U.S. at 637. Petitioner argues that the investigative employee should

18   have interviewed Nix and collected documentation that Nix was found guilty of fighting. ECF

19   No. 1 at 16-17, 22, ¶¶ 32-35, 48; ECF No. 25 at 10-11, ¶ 18. However, he also states that he

20   expected that "Nix would have simply repeated what he had already admitted in Lt. Frazee's

21   incident summary" (ECF No. 1 at 21, ¶ 44), which was part of the incident log for the fight (id. at

22   65), and the record of the hearing shows that the hearing officer reviewed Nix's disciplinary

23   history when deciding whether to grant the request to call him as a witness (id. at 79).

24   Accordingly, the evidence that petitioner sought to have the investigative employee collect was

25

26   _____

27   [2] Respondent does not argue that the claim is procedurally barred (ECF No. 22 at 8) and the court
     will therefore address the claim on its merits. See Trest v. Cain, 522 U.S. 87, 89 (1997) (A court
     is not required to raise procedural default *sua sponte* where the state has failed to assert it as a
28   defense.)

already part of the record, and any failure by the investigative employee to collect such evidence did not result in prejudice.

VII.     Biased Hearing Officer

    A. Petitioner's Allegations

Petitioner alleges that the hearing officer was biased because he had determined petitioner was guilty prior to the hearing. He claims that the hearing officer told him "that he was automatically ruling against [petitioner] for the sole reason that Mr. Nix required stitches" and that the officer's bias explains the refusal to allow Nix to testify. ECF No. 1 at 23-24, 31-32, ¶¶ 50-51, 63, 65-66.

    B. The State Courts' Ruling

The California Supreme Court denied petitioner's claims without comment or citation, and the reasoned superior court order did not mention petitioner's allegation that the hearing officer was biased.

    C. Analysis

Petitioner's claim that his due process rights were violated because the hearing officer was biased fails under any standard of review. See Richter, 562 U.S. at 101-02 (when the state court's decision is not explained, the federal court considers whether there is any reasonable basis for the decision in light of clearly established federal law); Pirtle, 313 F.3d at 1167 (*de novo* review applies when state court did not adjudicate federal claim presented to it).

Claims of bias "must overcome a presumption of honesty and integrity in those serving as adjudicators." Withrow v. Larkin, 421 U.S. 35, 47 (1975). Moreover, unfavorable or adverse rulings standing alone "almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). In this case, petitioner argues that the hearing officer's statement regarding why he was finding petitioner guilty and his refusal to allow Nix to testify showed that the hearing officer was biased and had predetermined petitioner's guilt. ECF No. 1 at 23-24, 31-32, ¶¶ 50-51, 63, 65-66. However, as addressed above, the hearing officer's decision to not allow Nix as a witness was based on security considerations and did not violate petitioner's due process. Additionally, even if the court assumes the hearing

officer told petitioner that the fact that Nix required stitches was the sole basis for his ruling against petitioner, the statement is not sufficient to show bias. The statement does not indicate when the hearing officer decided petitioner was guilty, only that Nix's stitches were the basis for his finding of guilt. Petitioner freely admitted both at the hearing and in the petition that he and Nix fought and that Nix's injury occurred during the fight. ECF No. 1 at 9-13, 19, 80-81. Given petitioner's admission, the hearing officer's reliance on the fact that Nix required stitches to find petitioner guilty of battery with serious bodily injury does not show bias. That the hearing officer did not credit petitioner's claim that the injury was due to Nix's own actions rather than petitioners does not mean that the hearing officer was biased. See Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) ("In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'" (quoting Liteky, 510 U.S. at 555)).

<u>CONCLUSION</u>

For the reasons explained above, IT IS RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE